## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2016, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joseph Leon Payne
Joseph L. Payne, P.C.
Austin, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re the Marriage of: Cheryl Smith, | October 26, 2016 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 72A01-1606-DR-1248 |
| v. | Appeal from the Scott Superior Court |
| Lawrence Robinson, | The Honorable Marsha Owens Howser, Judge |
| *Appellee-Respondent* | Trial Court Cause No. 72D01-1009-DR-144 |

**Baker, Judge.**

[1] Cheryl Smith and Lawrence Robinson were married, but they divorced in 2011. On December 17, 2015, Smith filed a petition to modify custody and support, seeking physical custody of the parties' son, Charles, and child support from Robinson. After a February 26, 2016, modification hearing, the trial court ordered that, as stipulated, Smith would have primary physical custody of Charles and that Robinson would have an equal amount of parenting time as Smith. At the hearing, the parties disputed several factors used to calculate Robinson's child support obligation—the trial court decided to credit Robinson's testimony and ordered him to pay $70 per week pursuant to his child support obligation worksheet calculation. The trial court also ordered Robinson to pay 22% of any overtime pay he might receive to Smith. Smith now appeals.

[2] Smith has three arguments on appeal: (1) the trial court erred by finding that Charles would spend half of the overnights during the year with Robinson; (2) there was no evidence underlying Robinson's child support worksheet calculations; and (3) the trial court erred by finding that a set of requests for admissions, sent from Smith to Robinson, were adequately answered.

[3] When reviewing a child support modification order, we review the evidence most favorable to the judgment without reweighing the evidence or reassessing the credibility of witnesses. *In re Marriage of Kraft*, 868 N.E.2d 1181, 1185 (Ind. Ct. App. 2007). We will reverse only when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *Id.*

[4]     At the hearing, Robinson testified that, given past experiences, he expected Charles to reside with him for half the year. Tr. p. 21. While Smith attempted to persuade the trial court that Robinson earned $1021 per week, by multiplying his pay rate by forty hours, Robinson presented evidence and testimony that he averaged $854 in weekly income. *Id.* at 19. He explained that he cannot always work forty hours in a week due to a medical condition. *Id.*

[5]     As is apparent, there was evidence in the record to support the trial court's order of $70 in weekly child support, which was premised on Charles spending half the year with Robinson and on Robinson earning $854 in weekly income. Smith's argument to the contrary amounts to a request that we reweigh the evidence—a request that we deny.

[6]     We turn to Smith's third argument. On December 23, 2015, she served a set of four requests for admission on Robinson, seeking admissions that Robinson told Charles to stop going back and forth between Smith's and Robinson's houses; that Robinson told Charles that he is not welcome to stay the night; that Charles has recently been living with Smith; and that Robinson removed all of Charles's personal belongings from his house.

[7]     Robinson responded in early January in a detailed letter. Resp't Ex. 1. In a narrative of recent events, Robinson denied each of the requested admissions and instead offered his side of the story.

[8]     Indiana Trial Rule 36 governs requests for admission; it requires the responding party to "serve[] upon the party requesting the admission a written answer or

objection addressed to the matter, signed by the party or by his attorney." That is precisely what Robinson's letter did: it addressed each of the four requests for admission and was signed by Robinson. The trial court did not err by finding that Robinson had properly responded to Smith's requests for admission.

[9] The judgment of the trial court is affirmed.

Vaidik, C.J., and Najam, J., concur.